718 P.2d 1196

Robert G. DAVIDSON,
Claimant-Appellant,

v.

H.H. KEIM COMPANY,
LTD., Employer,

and

Maryland Casualty Company, and Northern Insurance Company of New York, Surety, Defendants-Respondents.

No. 15825.

Supreme Court of Idaho.

April 18, 1986.

Rehearing Denied May 30, 1986.

Bruce S. Bistline, Boise, for claimant-appellant.

Kenneth C. Howell (argued), and Joseph D. McCollum, Jr., Boise, for defendants-respondents.

HUNTLEY, Justice.

Robert Davidson was employed as a "boxer" in a packing department operated by the H.H. Keim Company when he was injured. The injury Mr. Davidson suffered was a strained back caused by lifting a box. Mr. Davidson notified his employer the same day he was injured, which was January 16, 1984.

Several doctors evaluated Mr. Davidson's injury, and treated him over a two-month time period. Mr. Davidson's condition did not improve and, in March 1984, Mr. Davidson underwent back surgery. Dr. Michael O'Brien, a neurologist, subsequently wrote H.H. Keim's surety, Maryland Casualty Company, stating that he felt Mr. Davidson's condition had stabilized such that an impairment rating could be given. Dr. O'Brien then evaluated Mr. Davidson's impairment as being 12.5 percent of the whole man.

Shortly after Dr. O'Brien rated Mr. Davidson, Maryland Casualty contacted Mr. Davidson to negotiate a lump sum agreement. The two parties ultimately agreed. The agreement was subsequently submitted to the Industrial Commission for approval, pursuant to the requirements set forth in I.C. § 72–404 (1984). Claimant was not represented by counsel in the execution of the compensation agreement. The agreement provided for a lump sum payment of $11,000 with the record establishing that his impairment rating of 12.5 percent of the whole man would have entitled him to payment for that impairment of approximately $9,500, exclusive of any non-medical factors which would be involved in a complete disability rating.

The Industrial Commission approved the agreement on September 18, 1984. On October 8, 1984, within the twenty-day reconsideration period provided in I.C. § 72–718 (1984),[1] Mr. Davidson served on all parties and the Commission a motion for reconsideration of the agreement, and filed supporting affidavits of the claimant, his wife, Susan Rainey, a counsel with the Idaho Division of Vocational Rehabilitation, and Gina Wolfe, a vocational counselor and career placement specialist.

Information from these affidavits reveal important facts unknown to the Commission at the time it approved the lump sum agreement. Among other things, the affidavits state that Mr. Davidson has completed only up to the tenth grade in school, and had received six months of electronics training at the age of 17. He has difficulty in reading and has been unable to complete the courses necessary for his G.E.D. certificate. Mr. Davidson also suffers from epileptic seizures as a result of a head injury he received as a child. Mrs. Davidson states, in fact, that Mr. Davidson is regularly medicated for his epileptic condition.

Ms. Rainey's affidavit states that Mr. Davidson appears to have a learning disability and to suffer from borderline retardation. Ms. Wolfe's affidavit states that because of Mr. Davidson's limited mental abilities and his limited vocational training, and because he no longer can engage in heavy manual labor as a result of his back injury and surgery, he is now 95 percent unemployable.

Two of three members of the Commission executed an order summarily denying Mr. Davidson's motion to reconsider the agreement.

The issue presented by this appeal is whether a lump sum settlement agreement constitutes a final decision of the Commis-

---

1. 72–718. **Finality of commission's decision.** —A decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated by the commission upon filing the decision in the office of the commission; provided, within twenty (20) days from the date of filing the decision any party may move for reconsideration or rehearing of the decision, or the commission may rehear or reconsider its decision on its own initiative, and in any such events the decision shall be final upon denial of a motion for rehearing or reconsideration or the filing of the decision on rehearing or reconsideration. Final decisions may be appealed to the Supreme Court as provided by section 72–724, Idaho Code.

sion which is subject to a motion for reconsideration or rehearing under the provisions of I.C. § 72–718. Because the Commission entered no findings of fact or conclusions of law or any memorandum decision explaining its reasons for denying the motion for reconsideration, we are unable to ascertain whether the Commission reached the merits of the motion or whether it subscribed to the argument of counsel for the surety that the Commission is without authority to hear a motion for reconsideration of a lump sum settlement agreement.

I.C. § 72–711 (1984–86), providing for compensation agreements, reads as follows:

> **Compensation agreements.**—If the employer and the afflicted employee reach an agreement in regard to compensation under this law, a memorandum of the agreement shall be filed with the commission, and, if approved by it, thereupon the memorandum shall *for all purposes be an award by the commission* and be enforceable under the provisions of section 72–735, unless modified as provided in section 72–719. An agreement shall be approved by the commission only when the terms conform to the provisions of this law. [Emphasis added.]

In the context of those cases which are concluded by the Commission's approval of a lump sum agreement, it is apparent that the decision to approve or disapprove of the compensation agreement is the final "decision" of the Commission. We therefore reverse the Order Denying Motion for Reconsideration and remand for entry of an order stating the reason the motion was denied. Should the commission decide to set aside the lump sum agreement and reopen the case, such reopening should be conditioned upon the claimant retendering the $11,000 payment received under the agreement, or at least the portion thereof which the surety is unwilling to stipulate is due under any circumstance.

Costs to appellant; no attorney fees awarded.

DONALDSON, C.J., and SHEPARD, J., concur.

BISTLINE, J., sat but did not participate.

BAKES, Justice, dissenting:

I cannot agree with the majority's reasoning or conclusion. The majority states, "The issue presented by this appeal is whether a lump sum settlement agreement constitutes a final decision of the Commission which is subject to a motion for reconsideration or rehearing under the provisions of I.C. § 72–718. Because the Commission entered no findings of fact or conclusions of law or any memorandum decision explaining its reasons for denying the motion for reconsideration, we are unable to ascertain whether the Commission reached the merits of the motion or whether it subscribed to the argument of counsel for the surety that the Commission is without authority to hear a motion for reconsideration of a lump sum settlement agreement."

The majority then concludes that a lump sum settlement agreement is a final decision and is subject to a motion for reconsideration pursuant to I.C. § 72–718. Accordingly, the majority reverses the commission's order denying claimant's motion for reconsideration and remands the case to the commission for findings of fact and conclusions of law.

First, I am troubled that the majority has elected to remand with instructions that the commission is to make findings of fact and conclusions of law explaining the denial of the motion to reconsider. This Court has never required that a denial of a motion for reconsideration by trial courts be accompanied by findings of fact or conclusions of law. To require the commission to make findings of fact and conclusions of law when denying such motions would be to require more of the commission than is required of either trial courts or appellate courts in this state. Nothing in the statutes or the commission's own rules requires such findings. Upon what record is the commission to make findings? There has been no hearing before the commission.

Surely the majority is not suggesting that the commission make findings based upon conflicting affidavits.

When this Court denies a petition for rehearing, we are not required to issue an opinion re-articulating the facts of the case or the reasons for the denial of the rehearing. Nor are trial courts required to issue such findings when ruling on motions to alter or amend a judgment, filed pursuant to I.R.C.P. 59(e). There is nothing in the statutes or rules of the commission to require the commission to make findings.

Additionally, I believe that a remand to the commission so that the commission may determine whether good cause exists to set aside the lump sum agreement is simply unnecessary in this case. The commission, in refusing to grant the motion to reconsider, has already determined that good cause does not exist to set aside the lump sum agreement. In reaching this decision, the commission had before it affidavits submitted by the parties as well as claimant's medical record. One affidavit, submitted by the surety, which the majority fails to mention, indicates that every attempt was made to negotiate fairly with the claimant before a lump sum settlement agreement was entered into. In this affidavit, Betty Jo Graham indicated that claimant was encouraged to carefully consider the settlement before signing. The affidavit also indicates that it was the claimant himself, after consultation with his wife, who insisted upon promptly signing the agreement and expediting the commission's approval of the agreement. Based upon this affidavit, the Industrial Commission would be justified in denying the motion to reconsider its previous approval of the lump sum settlement entered into between the parties. As for the affidavits submitted by claimant, it is clear that the commission, as the finder of fact, was responsible for weighing the import of the affidavits. Although claimant's affidavits outlined a different version of events, the Industrial Commission was justified in electing to believe Ms. Graham's affidavit. The fact that a greater number of witnesses support a view different from the conclusion reached is of no moment in determining the preponderance of the evidence. *Houser v. Southern Idaho Pipe & Steel, Inc.,* 103 Idaho 441, 445, 649 P.2d 1197, 1201 (1982); *Arnold v. Splendid Bakery,* 88 Idaho 455, 459, 401 P.2d 271, 275 (1965).

Further, despite the majority's statements to the contrary, the commission was well aware of the claimant's epilepsy. The claimant's medical records, which claimant admits were before the commission, are replete with references to this condition. These medical records also contained conflicting medical opinions from which the commission could ascertain that, under the facts of this case, the settlement was fair to both parties, regardless of the claimant's intellectual and vocational limitations. Here, having considered these many affidavits and the available medical records, the commission did not err in electing to stand by its original approval of the settlement agreement.

Although it is clearly evident that the commission did consider the merits of the motion for reconsideration before denying it, the majority states that, due to a lack of findings of fact and conclusions of law "we are unable to ascertain whether the commission reached the merits of the motion or whether it subscribed to the argument of counsel for the surety that the commission is without authority to hear a motion for reconsideration of a lump sum settlement agreement." From this the majority reasons that this case must be reversed and remanded to the commission for findings of fact and conclusions of law explaining the commission's reasons for denying the motion for reconsideration. However, "the argument of counsel for the surety that the commission is without authority [under I.C. § 72–718] to hear a motion for reconsideration of a lump sum settlement agreement," was really raised for the first time on appeal. Nowhere in the surety's reply to the motion for reconsideration, which was filed with the Industrial Commission, does the surety make that argument. In fact, in the surety's reply to the motion for reconsideration, which addresses the merits of claim-

ant's arguments, the surety cites to I.C. § 72–718. Thus, a review of the record before the commission indicates that the parties effectively agreed that the commission could reconsider its approval of the lump sum agreement. From this it is very clear that the commission did reach the merits of the motion for reconsideration.

Since there is no requirement in either the statutes or the rules of the Industrial Commission, or the rules of the courts for that matter, which require findings of fact and conclusions of law upon a ruling on a motion for reconsideration, there is no basis for reversing the commission in this case. The commission has once addressed this motion for reconsideration on the merits. That should be enough. Decisions under I.C. § 72–404 approving or rejecting lump sum settlement agreements are exclusively within the jurisdiction and discretion of the commission, and accordingly the decision of the commission should be affirmed.