817 P.2d 187

**Monica A. BECKER, Claimant–Appellant,**

v.

**Paulette FLAGGERS, Employer, and General Insurance Company, Surety, Defendants–Respondents.**

**No. 18622.**

Supreme Court of Idaho,
Eastern Idaho, May 1991 Term.

Sept. 18, 1991.

Jenkins Law Office, Chartered, Idaho Falls, for claimant-appellant. David D. Peck, pro hac vice, argued.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendants-respondents. Gary L. Cooper, argued.

BISTLINE, Justice.

Claimant, Monica Becker (hereinafter "Becker"), appeals the Industrial Commission's determination that she did not suffer an industrial accident on October 21, 1987, and that she did not report the accident to her employer, Paulette Helm (hereinafter "Helm"), owner of respondent company, Paulette Flaggers, Inc. An injury, to be compensable under the Idaho Worker's Compensation Law, must be caused by an industrial accident. *See* I.C. § 72–102(14). A worker must also have notified her employer within a specified time. I.C. § 72–701. The Industrial Commission found that Becker did not report the accident to her employer within the sixty-day period required by law, that the alleged accident did not occur, and that Becker's concededly debilitated condition was not sufficiently causally related to any incident that occurred during the course of her employment for it to be compensable. The Commission, as arbiter of the facts, is in the best position to resolve conflicting factual accounts. In this case, there is substantial and competent evidence in the record to support the Commission's findings and order denying all benefits. We therefore affirm.

Becker worked for respondent Paulette Flaggers, Inc., as a flagger on highway construction sites. Becker's employment duties included holding heavy traffic signs. Becker asserts that on October 31, 1987, a

strong wind caused the stop sign she was holding to strike her in the head. It is in dispute whether this occurred, and whether the claimant informed her employer of this accident. Claimant was treated before and after the accident for pain in the neck and shoulders. Surgery was performed in October of 1988 in an attempt to relieve Becker of some of the pain she was experiencing. A written claim for benefits was filed on April 28, 1988, six months after the alleged accident.

■ Our review of the record and the medical reports persuades us that the Commission's decision is supported by substantial evidence. If the alleged accident occurred, it is, as the Commission says, inconceivable that Becker did not mention it to her doctors. While it appears that her pain intensified after the time of the alleged incident, there simply is insufficient proof that her condition was related to any specific event. Becker admitted she had congenital scoliosis, a condition which causes the symptoms she experienced. Medical reports *prior* to October 31 show that Becker's pain had increased steadily all through the fall of 1987.

The Commission adopted the referee's proposed conclusion that:

Claimant's current neck condition is not causally related to the alleged incident of October 31, 1987. There is conflicting testimony as to whether or not Claimant told Paulette Helm that a gust of wind blew a sign into her head causing a neck injury ... It is inconceivable that if Claimant was seeking medical treatment specifically for the October 31, 1987, injury, that she did not mention any such injury to the doctor from whom she was seeking the medical treatment ... The referee finds that it is reasonable to conclude that had the Claimant suffered an accident on October 31, 1987, she would either have told Dr. Bjornson about it on November 13, 1987, or reported it after the job ended on November 22, 1987. It is inconceivable that a Claimant, as intelligent as Monica Becker, and who testified that she knew the importance of reporting injuries, would wait until March of the following year to report an industrial injury.

Commission's Findings at 11–12. These adopted findings are supported by substantial competent evidence.

■ Although the facts in this case are disputed, the Industrial Commission's findings of fact will not be overturned by this Court unless they are not based on substantial competent evidence. *Levesque v. Hi-Boy Meats, Inc.*, 95 Idaho 808, 520 P.2d 549 (1974); *see* I.C. § 72–732. To be substantial, the Commission must have "more than a scintilla" of evidence supporting its conclusions. *Kinney v. Tupperware Co.*, 117 Idaho 765, 792 P.2d 330 (1990). The evidence in this case is sufficiently substantial to find that Becker did not suffer a specific injury, did not inform her employer, and that her current pain is not causally related to the incident of October 31, 1987.

The Commission's decision denying all benefits is affirmed. Costs to respondents; no fees on appeal.

BAKES, C.J., JOHNSON and BOYLE, JJ., and McDERMOTT, J. Pro Tem, concur.