899 P.2d 434

**Martin Dale HAMILTON, Claimant–Respondent,**

v.

**TED BEAMIS LOGGING & CONSTRUCTION, employer, and Associated Loggers Exchange, surety, Defendants–Appellants.**

No. 21537.

Supreme Court of Idaho, North Idaho, April 1995 Term.

June 30, 1995.

Rehearing Denied Aug. 16, 1995.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for appellants. John W. Barrett argued.

James F. Combo, Coeur d'Alene, for respondent.

TROUT, Justice.

## I.

## BACKGROUND

This is an Industrial Commission case. The respondent, Martin Dale Hamilton (Hamilton), first suffered an industrial injury in October, 1985. He had been working as a sawyer and his left foot was crushed in a logging accident. The injury required amputation of two toes, and a section of the ball of his foot. Hamilton had problems returning to work due to loss of balance, pain, and problems with skin grafts, however he made one attempt in April of 1987, when the appellant, Ted Beamis (Beamis), offered him a job felling trees. The job only lasted one day because Hamilton suffered from pain in his foot and loss of balance.

Hamilton filed a worker's compensation claim involving the 1985 injury. At a hearing held in February, 1989, Hamilton asserted that he was totally and permanently disabled, which the employer and surety denied. After the hearing, the parties entered into a lump sum settlement agreement, which was ultimately approved by the Industrial Commission. In that agreement the parties acknowledged that there were genuine and substantial disputes between the parties as to the degree, if any, of Hamilton's disability, and whether any disability was continuing or progressive. The agreement apportioned payment for total temporary disability, permanent partial impairment, and medical and miscellaneous expenses.

In September, 1991, Beamis again offered Hamilton a job. The two had been friends for a number of years and Beamis agreed to employ Hamilton under certain conditions. Unlike the attempt at hiring him in 1987, this time Beamis had Hamilton working on level ground and taking time off to rest. On his fourth day on the job, Hamilton suffered a serious injury when his chainsaw kicked back and cut deeply into his left knee. This injury prompted his doctor to advise Hamilton that he would be unable to work any job that was not sedentary.

Hamilton again filed a worker's compensation claim contending that he was totally and permanently disabled and seeking apportionment of liability between the Industrial Special Indemnity Fund and Beamis. Beamis responded by agreeing that Hamilton was totally and permanently disabled but contended that he was totally and permanently disabled before the second injury and thus there was no additional disability attributable to the second injury. Prior to the hearing by the referee in March of 1994, Hamilton settled with the Industrial Specialty Indemnity Fund (ISIF). The referee assessed impairment at fifteen percent of the whole person due to the 1985 injury and twelve percent of the whole person related to the 1991 injury. He also found that Hamilton had been totally and permanently disabled under the odd-lot doctrine prior to the 1991 accident. The referee concluded that as a result of the combined effects of Hamilton's pre-existing permanent impairment and the second industrial accident, Hamilton was still totally and permanently disabled and was entitled to recover income benefits apportioned between the ISIF and Beamis according to the *Carey* formula. The Industrial Commission adopted the referee's findings and conclusions and entered an order accordingly.

## II.

## ISSUES PRESENTED

On appeal Beamis asks us to consider whether a claimant, who was totally and permanently disabled at the time of an industrial accident and employed only because of the sympathy of his employer, is entitled to an award of total permanent disability benefits. Hamilton contends we need not reach that issue because there is not substantial and competent evidence to support the Industrial Commission's finding that Hamilton was already totally and permanently disabled at the time of his second industrial accident.

## III.

## STANDARD OF REVIEW

Factual determinations made by the Commission will not be overturned when supported by substantial and competent evidence. *Hutchinson v. J.R. Simplot Co.,* 98 Idaho 346, 563 P.2d 404 (1977); *see also* I.C. § 72–732. To be substantial, the Commission must have "more than a scintilla" of evidence supporting its conclusion. *Becker v. Flaggers,* 120 Idaho 521, 817 P.2d 187 (1991) (citations omitted). While we review factual determinations under the substantial and competent evidence standard, we exercise free review over the Commission's conclusions of law. *Davaz v. Priest River Glass Co.,* 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994) (citing Idaho Const. art. V., § 9; *Sprague v. Caldwell Transp., Inc.,* 116 Idaho 720, 779 P.2d 395 (1989)). We will reverse the Commission if the findings of fact do not as a matter of law support the award or order. I.C. § 72–732.

## IV.

## ANALYSIS

### A. Substantial and Competent Evidence Supports the Industrial Commission's Finding that Hamilton Was Totally and Permanently Disabled at the Time of the 1991 Accident.

Hamilton argues that the Industrial Commission's findings of fact are not supported by substantial and competent evidence. Specifically, he argues that the finding that he was totally and permanently disabled by virtue of the odd-lot doctrine coming into the 1991 accident, and the finding that Beamis only hired him as a sympathetic friend, were not supported by the evidence.

Whether the claimant falls within the odd-lot category is a factual determination and it is the duty of the Industrial Commission to make this determination. *Rost v. J.R. Simplot Co.,* 106 Idaho 444, 445, 680 P.2d 866, 867 (1984). The Industrial Commission's findings will not be set aside on appeal if based on substantial and competent evidence. *Id.* (citations omitted). An employee is disabled under the odd-lot doctrine if he proves that, while he is physically able to perform some work, he is so handicapped that he would not be employed regularly in any well-known branch of the labor

market absent a business boom, sympathy of a particular employer or friends, temporary good luck, or superhuman effort on his part. *Dumaw v. J.L. Norton Logging,* 118 Idaho 150, 153, 795 P.2d 312, 315 (1990). For worker's compensation purposes, total disability means inability to sell one's services in a competitive market; appropriate considerations in making this finding include medical and nonmedical factors, such as age, sex, education, training, usable skills, and economic and social environment. *Paulson v. Idaho Forest Indus., Inc.,* 99 Idaho 896, 904, 591 P.2d 143, 151 (1979) (citing I.C. § 72–425).

■ In the present case, the Industrial Commission based its finding that Hamilton was odd-lot totally and permanently disabled prior to the second accident on the following evidence:

1) the vocational rehabilitation consultant attempted to find Hamilton employment following the 1985 accident, but ultimately determined that he was unemployable;

2) Hamilton had earned no wages since the 1985 injury;

3) Hamilton was only employed in 1991 because a sympathetic friend agreed to employ him, however the employer had to make many special arrangements for this employment such as having Hamilton work on level ground, allowing more breaks, and not requiring him to do the usual work associated with being a sawyer;

4) Hamilton suffered an injury immediately after re-entering the work force; and

5) there was no evidence that Hamilton had overcome his disability and was no longer totally disabled.

We find there is substantial and competent evidence in the record to support the Industrial Commission's findings. The record demonstrates that Hamilton had an eighth grade education, and had only been employed in the logging industry. Further, he had not been able to work in the logging industry following his first injury and was not able to be retrained in another field. Hamilton was not able to keep his balance which is essential for work in the logging industry, and was only able to work the four days in 1991 because Beamis confined him to working on level ground and allowed him to take several breaks to rest. Beamis testified that he could not have hired Hamilton on a regular basis because Hamilton could not work on steep or uneven terrain which is where the majority of logging work is performed. There is also evidence indicating that Beamis only hired Hamilton because they were friends and Beamis was attempting to help Hamilton out. We find there is substantial and competent evidence in the record which supports the finding that Hamilton was totally and permanently disabled under the odd-lot doctrine prior to the 1991 accident.

## B. The *Carey* Formula Is Not Applicable.

Having determined there is substantial and competent evidence to support the Industrial Commission's finding of total and permanent disability, Beamis then asks us to conclude that an employee found to be odd-lot totally and permanently disabled at the time he re-enters the work force, cannot be awarded disability benefits for a second industrial accident. While this presents an interesting question of whether there can be two findings of total and permanent disability, that is not really at issue here. At oral argument counsel for Beamis conceded that the surety had already voluntarily been paying disability equal to the twelve percent impairment attributable to the second accident. The issue actually presented by this appeal is not whether the employer should pay *any* disability, but rather, whether the employer should pay for disability in excess of impairment apportioned between the employer and ISIF in accordance with the *Carey* formula.

Hamilton argues that the Industrial Commission correctly found that the *Carey* formula applies to this case and therefore correctly apportioned liability between the ISIF and Beamis. *See Carey v. Clearwater County Rd. Dep't,* 107 Idaho 109, 686 P.2d 54 (1984). We do not agree that the *Carey* formula is applicable to this situation.

■ The *Carey* formula is a mathematical formula developed by this Court in order

to effectively administer the provisions of I.C. § 72–332. *Id.* at 118, 686 P.2d at 63. I.C. § 72–332 provides in pertinent part:

**Payment for second injuries from industrial special indemnity account.**—(1) If an employee who has a permanent physical impairment from any cause or origin, incurs a subsequent disability by an injury or occupational disease arising out of and in the course of his employment, and *by reason of the combined effects* of both the pre-existing impairment and the subsequent injury or occupational disease or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury or occupational disease, including scheduled and unscheduled permanent disabilities, and the injured employee shall be compensated for the remainder of his compensation benefits out of the industrial special indemnity account. (emphasis added).

This formula is only applicable when the pre-existing injury *combines* with the current injury to create total and permanent disability. The purpose of this formula is to make employers liable only to the extent of disability caused by the second industrial accident, with the remainder being paid by the ISIF. *Id.* at 117, 686 P.2d at 62. The Court noted in *Carey* that "[T]he philosophy in creating second injury funds such as the Idaho Industrial Special Indemnity Fund is to encourage employers to hire *partially* incapacitated persons and to encourage *partially* incapacitated persons to seek employment." *Id.* at 117, 686 P.2d at 62 (emphasis added (citations omitted). Here there is no question that the prior injury did not combine with the recent injury to create total and permanent disability, because there was already total disability before the second injury ever occurred. Thus, we find that the *Carey* formula is not applicable in this case because Hamilton was already totally and permanently disabled coming into the second injury; the total disability did not arise solely from the combined effects of both injuries. It was therefore inappropriate for the Industrial Commission to apportion total and perma-

nent disability pursuant to the *Carey* formula between the ISIF and Beamis. As Beamis has voluntarily paid Hamilton disability equal to impairment, we affirm that determination but reverse the order for payment of any benefits over and above impairment which are based upon the *Carey* formula.

## V.

## CONCLUSION

The Industrial Commission's order apportioning liability between the ISIF and Beamis is reversed. We award costs but not fees to Beamis.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.