920 P.2d 397 (1996)
128 Idaho 880
Willis D. DRAKE, Claimant-Appellant,
v.
STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant-Respondent.
No. 22112.
Supreme Court of Idaho, Coeur d'Alene, May 1996 Term.
July 25, 1996.
Elsaesser, Jarzabek, Buchanan & Dressell, Sandpoint, for appellant.
Alan G. Lance, Attorney General; Carol B. Groover, Deputy Attorney General, Post Falls, for respondent.
SILAK, Justice.
The Industrial Special Indemnity Fund (ISIF) and Willis Drake (Drake) entered into a Lump Sum Settlement Agreement (Agreement) resolving, among other things, issues of apportionment regarding his total and permanent disability claim. A year and a half later, Drake petitioned the Commission for a determination as to the correct amount of compensation, alleging that the ISIF was paying below the agreed upon "statutory rate." The Commission dismissed the petition holding that the Agreement fully adjudicated the issue concerning calculation of Drake's compensation. We affirm.

I.

FACTS AND PROCEDURAL BACKGROUND
At the time of his injury on February 3, 1991, Drake worked as a security guard and *398 clean-up person at W-I Forest Products. The Commission determined that as a result of an industrial injury, Drake was permanently and totally disabled. Because Drake had suffered from pre-existing conditions which may have contributed to the injury, the Commission retained jurisdiction in order to gather medical opinions on the apportionment issue.
On June 25, 1993, the ISIF and Drake entered into the Agreement whereby the ISIF agreed to pay Drake "monthly benefits at the statutory rate." The Agreement recited that Drake's wage was $5.06 per hour at the time of the accident. In exchange, Drake assented to the fact that the Agreement fully and finally disposed "of any and all claims of every kind and character he has or may have against the Fund," whether known or unknown.
Pursuant to former I.C. § 72-408, the ISIF paid Drake an amount equal to sixty percent (60%) of his average weekly wage for the first fifty-two weeks. This statutory scheme also requires that the weekly income benefits paid to an injured employee must equal at least forty-five percent (45%) of the currently applicable average weekly state wage. I.C. § 72-409. Employing the $5.06 hourly wage figure stated in the Agreement, the ISIF concluded that Drake's average weekly wage would amount to $202.40, entitling Drake to a weekly benefit amount of $121.44. Because this amount was less than forty-five percent (45%) of the average weekly state wage Drake was paid the statutory minimum wage of $154.80.
On January 31, 1995, Drake filed a "Petition for Determination of Correct Permanent Disability Rate and Request for Hearing" with the Commission, arguing that the ISIF was not paying the correct statutory wage. In support of this argument, Drake cited to I.C. § 72-419(4)(a) which calculates an employee's weekly benefits by dividing the wages earned in the previous fifty-two weeks into four periods and using the wage period that is most favorable to the employee. Drake submitted his 1990 income tax return showing that he had earned $17,757. From this he asserted that his weekly benefits should be based on an $8.53 hourly rate and not the $5.06 hourly rate declared in the Agreement.
The Commission found that the disability rate had been fully adjudicated by way of the Agreement's compromise and settlement. Because the Agreement constituted a final decision of the Commission, Drake should have sought review of the disability rate contained within the Agreement through a motion for reconsideration or rehearing. As a result, the Commission held that Drake's failure to do so barred any further proceedings. Drake appealed.

II.

ISSUES PRESENTED
A. Whether the Industrial Commission erred in concluding that the former version of Idaho Code Section 72-408 should be used to calculate Drake's benefits.
B. Whether the Industrial Commission erred in failing to grant Drake's petition for a determination of the correct disability rate.

III.

STANDARD OF REVIEW
The Supreme Court reviews factual findings made by the Industrial Commission to determine if they are supported by substantial and competent evidence, but the Court freely reviews questions of law. Langley v. State Indus. Special Indem. Fund, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995).

IV.

ANALYSIS

A. The Commission Did Not Err In Concluding That The Former Version Of Idaho Code Section 72-408 Should Be Used To Calculate Drake's Benefit Rate.
Initially, we must address Drake's contention that the ISIF wrongly calculated his disability rate using the former I.C. § 72-408. The former version of I.C. § 72-408 *399 provided that disabled employees were to receive benefits at an amount equal to sixty percent (60%) of their average weekly wage. On July 1, 1991, the amended version of I.C. § 72-408 went into effect and provided that disabled employees were to receive an amount equal to sixty-seven (67%) of their average weekly wage. Drake argues that the amended version of I.C. § 72-408 should be used to calculate his benefits because he was determined to be totally disabled after its effective date. The Commission determined that the former statute applied to the calculation of benefits.
In worker's compensation cases, the right to compensation accrues and the rights of the party become fixed upon the occurrence of the event which gives rise to the cause of action. Frisbie v. Sunshine Mining Co., 93 Idaho 169, 172, 457 P.2d 408, 411 (1969); Peterson v. Federal Mining & Smelting Co., 67 Idaho 111, 114-15, 170 P.2d 611, 613 (1946); see also Oliver v. Potlatch Forests, 73 Idaho 45, 50, 245 P.2d 775, 778 (1952). In the instant case, it is undisputed that the injury giving rise to Drake's right of compensation under the worker's compensation law occurred on February 3, 1991. The amended version of I.C. § 72-408 did not go into effect until July 1, 1991. As a result, in calculating Drake's benefit rate, the ISIF correctly employed the former version of I.C. § 72-408 which was in effect at the time of the Drake's industrial accident. We affirm the Commission's Order in this regard.

B. The Industrial Commission Did Not Err In Denying Drake's Petition For A Determination Of The Correct Disability Rate.
Drake argues that the ISIF's promise to pay him benefits at the statutory rate required the ISIF to calculate his benefits according to I.C. § 72-419(4)(a). As noted above, I.C. § 72-419(4)(a) calculates an employee's weekly wage rate by splitting into four thirteen week periods the employee's wages earned in the fifty-two weeks previous to the injury. The wage period that is most favorable to the employee is then used in computing the employee's benefits. Drake dismisses the Agreement's inclusion of the $5.06 hourly wage amount as nothing more than a recital of the wage Drake was earning at the time of his accident. He contends that nowhere in the Agreement does it state that the ISIF is to rely on the $5.06 wage in calculating his benefits.
A liable party and an injured employee are permitted to enter into a settlement with regard to compensation, but the agreement must be approved by the Commission. I.C. § 72-711. Upon approval, the agreement is for all purposes considered to be an award by the Commission. Id. The approved agreement constitutes a final decision of the Commission which is subject to a motion for reconsideration or rehearing pursuant to I.C. § 72-718. Davidson v. H.H. Keim Co., 110 Idaho 758, 760, 718 P.2d 1196, 1198 (1986).
The Agreement between Drake and the ISIF contemplated payment at the statutory rate and stated that Drake was earning $5.06 an hour. Furthermore, the Agreement explicitly stated that "no portion is a mere recital." With this in mind, we believe the Commission correctly determined that the $5.06 hourly wage in the Agreement was the base rate to be used in computing Drake's average weekly wage. If Drake believed that his hourly wage was something other than the $5.06 amount, the time to have raised this issue was during the settlement process or by way of a motion for rehearing or reconsideration. Drake's failure to due so prohibits further proceedings concerning the correct permanent disability rate under the Agreement. We affirm the Commission's decision to dismiss the petition.

V.

CONCLUSION
Drake's failure to challenge the Agreement's inclusion of his hourly wage by way of a motion for reconsideration or rehearing prohibits further proceedings to determine the correct permanent disability rate. The Commission correctly concluded that the ISIF was paying benefits under former I.C. § 72-408. Accordingly, we affirm the order *400 of the Industrial Commission dismissing Drake's petition.
Costs on appeal to respondent.
McDEVITT, C.J., and JOHNSON, TROUT, and SCHROEDER, JJ., concur.