992 P.2d 780

**Lewis E. ALEXANDER, Claimant–Appellant,**

v.

**HARCON, INC., Employer and Wausau Insurance Company, Surety, Defendants–Respondents.**

**No. 24563.**

Supreme Court of Idaho, Coeur d'Alene, Oct. 1999 Term.

· Jan. 5, 2000.

Mullin, Cronin, Casey & Blair, Spokane, for appellant.

Edgar L. Annan, Spokane, for respondents.

TROUT, Chief Justice.

This is an appeal from a decision of the Industrial Commission denying worker's compensation benefits to Lewis Alexander (Alexander) on the grounds that the request for benefits was not timely filed. Alexander argues that the Industrial Commission should have applied the amended version of I.C. § 72–439 to his case. Alexander's employer, Harcon Inc. (Harcon) argues that the Industrial Commission applied the correct version of I.C. § 72–439. Additionally, Harcon argues that even if the Industrial Commission should have applied the amended version of I.C. § 72–439, Alexander's claim should still be denied on the basis that the claim was not timely filed under I.C. § 72–448 and Alexander has not met his burden of proving that the hearing loss was causally related to his employment by Harcon.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Alexander worked for thirty-two years as a pile butt for various employers. His most recent employment was with Harcon from 1987 until mid–1988. During that time, Alexander worked on two different projects for Harcon, both of which took place in Idaho. During his time as a pile butt, Alexander worked with and around machinery which produced very loud noise. Alexander testified he suffered a gradual decrease in hearing over the years, revealed mostly through complaints from family and friends that he was not responding to them. In June of 1988, Alexander suffered a heart attack which required bypass surgery and he has not worked since that time.

In the fall of 1992, Alexander attended a union meeting in Spokane at which it was suggested that everyone should get hearing tests. Pursuant to that advice, Alexander had his hearing tested in November of 1992. After initial tests detected some hearing loss, Alexander underwent subsequent testing in early December 1992 which revealed that Alexander had suffered substantial hearing loss. On December 4, 1992, Alexander filed a claim for his hearing loss against "Puget Sound Bridge and Drydock." This claim was filed with the U.S. Department of Labor under the U.S. Longshore and Harbor Worker's Act. On July 13, 1993, Alexander also filed a claim against Harcon under the Longshore Act. From the record it appears that there has been no final decision made on this claim.

On September 8, 1995, Alexander filed a Notice of Injury and Claim for Benefit form

with the Idaho State Industrial Commission. On May 4, 1996, Alexander filed a worker's compensation complaint and the matter was heard before a referee on October 2, 1997. On December 24, 1997, the referee issued Findings of Fact and Conclusions of Law. The referee determined that the Industrial Commission had jurisdiction over Alexander's claim, and that Alexander suffered binaural hearing loss, which is an occupational disease, as a result of his long employment as a pile butt which caused Alexander to be exposed to hazardous noise levels. The referee also concluded the occupational disease became manifest in November 1992, when Alexander was first tested for hearing loss, and that the requirements of I.C. § 72-448 had been satisfied. However, the referee then concluded I.C. § 72-439 barred the acceptance of Alexander's claim due to the fact the occupational disease did not occur within one year of the last exposure to such disease. This decision was adopted by the Industrial Commission on January 30, 1998. This appeal followed.

## II.

### STANDARD OF REVIEW

■ In reviewing a decision of the Industrial Commission, this Court will uphold the Commission's factual determinations as long as they are supported by substantial and competent evidence. *Hamilton v. Ted Beamis Logging and Const.*, 127 Idaho 221, 223, 899 P.2d 434, 436 (1995); *Hutchinson v. J.R. Simplot Co.*, 98 Idaho 346, 347, 563 P.2d 404, 405 (1977). However, this Court exercises free review over the Commission's conclusions of law. *Hamilton*, 127 Idaho at 223, 899 P.2d at 436; *Davaz v. Priest River Glass Co.*, 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994).

## III.

### DISCUSSION

**A. The Amended Version of I.C. § 72-439 Is Not Applicable to Alexander's Claim.**

In 1997, the Idaho Legislature amended I.C. § 72-439. Prior to the amendment, the provision read as follows:

72-439. LIMITATIONS

An employer shall not be liable for any compensation for an occupational disease unless such disease is actually incurred in his employment and, unless disablement or death results within four (4) years in case of silicosis, or one (1) year in case of any other occupational disease, after the last injurious exposure to such disease in such employment. . . .

I.C. § 72-439 (1996). As amended by the Idaho Legislature, I.C. § 72-439 now reads:

72-439. ACTUALLY INCURRED/NONACUTE OCCUPATIONAL DISEASE.

(1) An employer shall not be liable for any compensation for an occupational disease unless such disease is actually incurred in the employer's employment.

(2) An employer shall not be liable for any compensation for a nonacute occupational disease unless the employee was exposed to the hazard of such disease for a period of sixty (60) days for the same employer.

(3) Where compensation is payable for an occupational disease, the employer, or the surety on the risk for the employer, in whose employment the employee was last injuriously exposed to the hazard of such disease, shall be liable therefor.

I.C. § 72-439 (1999).

■ Alexander argues the amended version of I.C. § 72-439 should be applied to his claim because this Court has repeatedly stated that the Worker's Compensation Act is to be construed liberally in favor of claimants. *See Jones v. Morrison–Knudsen Co. Inc.*, 98 Idaho 458, 464, 567 P.2d 3, 9 (1977); *In re Haynes*, 95 Idaho 492, 511 P.2d 309 (1973); *Burch v. Potlatch Forests, Inc.*, 82 Idaho 323, 353 P.2d 1076 (1960). While this statement is certainly true, this rule of construction has generally only been applied when we have been asked to interpret conflicting or ambiguous statutes. *See, e.g., Jones*, 98 Idaho at 464, 567 P.2d at 9. However, in this case we are not asked to interpret a statutory provision; rather, we must simply determine

which version of I.C. § 72–439 should be applied.

■ This Court has previously held the law to be applied to a case is the law in effect at the time that the cause of action arose. *See Drake v. State Indus. Spec. Indem. Fund,* 128 Idaho 880, 882, 920 P.2d 397, 399 (1996); *Frisbie v. Sunshine Mining Co.,* 93 Idaho 169, 172, 457 P.2d 408, 411 (1969); *Peterson v. Federal Mining & Smelting Co.,* 67 Idaho 111, 114–15, 170 P.2d 611, 613 (1946). In the case of an occupational disease, the cause of action arises at the time of the first manifestation of the disability. *See Frisbie,* 93 Idaho at 172, 457 P.2d at 411. Additionally, we have held that an occupational disease first manifests itself when the employee first learns that the condition is the result of conditions related to his employment. *See Miller v. Amalgamated Sugar Co.,* 105 Idaho 725, 728–29, 672 P.2d 1055, 1058–59 (1983). In this case, the referee determined the occupational disease became manifest in November of 1992 when Alexander was first tested for hearing loss. This finding has not been disputed by Alexander. Therefore, under these facts, the law to be applied to Alexander's claim is the law in effect in 1992. Since this was more than four years before I.C. § 72–439 was amended, it is clear that the pre-amendment version of that statute applies. In *Jones v. Morrison–Knudsen Co.,* we determined that the pre-amended I.C. § 72–439 provides the employer is not liable unless disablement results within one year after the last injurious exposure. *See Jones,* 98 Idaho at 462, 567 P.2d at 7. Consequently, because disablement did not occur until some four years after Alexander's last injurious exposure (the date of his last employment with Harcon), the requirements of I.C. § 72–439, as it existed prior to the amendment, have not been met. Therefore, we affirm the decision of the Industrial Commission denying worker's compensation benefits to Alexander. Additionally, because we have affirmed the Commission's decision that Alexander's claim is barred by the pre-amendment version of I.C. § 72–439, we decline to address Harcon's alternative arguments.

## IV.

## CONCLUSION

The decision of the Industrial Commission denying worker's compensation benefits to Alexander is affirmed. Costs on appeal to Respondent.

Justices SILAK, SCHROEDER, WALTERS, and KIDWELL, concur.