5 P.2d 471

**Marie S. TOELCKE, Claimant–Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

**No. 25107.**

Supreme Court of Idaho, Idaho Falls, May 2000 Term.

June 29, 2000.

---

Jenkins Law Office, Chartered, Idaho Falls, for appellant. Gordon W. Jenkins argued.

Hon. Alan G. Lance, Attorney General, Boise; Hopkins, Roden, Crockett, Idaho Falls for respondent. Paul B. Rippel argued.

WALTERS, Justice.

This is an appeal from an Industrial Commission determination that the Industrial Special Indemnity Fund (ISIF) is not responsible for any portion of Marie Toelcke's total and permanent disability benefits. We affirm.

## BACKGROUND AND PRIOR PROCEEDINGS

On January 9, 1991, Marie Toelcke injured her back while working as a custodian for E G & G Idaho, Inc. Toelcke filed a worker's compensation claim against her employer on January 9, 1995, which was settled on September 6, 1995. Two years later, Toelcke filed a claim against the ISIF seeking total permanent disability benefits. Following a hearing, the Industrial Commission determined that Toelcke was totally and permanently disabled. Although the Commission found some evidence that Toelcke suffered from degenerative disc disease and degenerative arthritis of the lumbar spine, the Commission concluded that Toelcke had not shown that any portion of her total and permanent disability was due to a pre-existing impairment that was exacerbated by, contributed to, or combined with the injuries caused by her industrial accident. Consequently, the Commission held that the ISIF had no responsibility for Toelcke's disability benefits.

## ISSUE ON APPEAL

Did the Industrial Commission err by concluding that Toelcke did not have a pre-existing impairment that was a hindrance or obstacle to her employment at the time of the accident?

## STANDARD OF REVIEW

 On appeal from the Industrial Commission, this Court will not disturb factual findings made by the Commission if supported by substantial and competent evidence. *Hamilton v. Ted Beamis Logging and Const.*, 127 Idaho 221, 899 P.2d 434 (1995). Evidence is "substantial and competent" if a reasonable mind might accept such evidence as adequate to support a conclusion. *ASARCO, Inc. v. Industrial Special Indemnity Fund*, 127 Idaho 928, 931, 908 P.2d 1235, 1238 (1996). This Court exercises free review over questions of law and will reverse if the findings of fact do not as a matter of law support the award or order. *Hamilton, supra*; I.C. § 72–732.

## DISCUSSION

The Industrial Commission found that Toelcke is totally and permanently disabled under the odd-lot doctrine based upon the combination of her industrial injury and related surgeries, emotional problems, and lack of skills. This finding of total and permanent disability has not been challenged on appeal. Although the Commission found that Toelcke may have had some degenerative disc disease and degenerative arthritis of the lumbar spine prior to her industrial injury, the Commission concluded that Toelcke "has failed to sustain her burden of proving that any portion of her total and permanent disability is due to a pre-existing condition which was exacerbated by, contributed to, or combined with the injuries of January 9, 1991." Consequently, the Commission did not apportion any liability for Toelcke's total and permanent disability to the ISIF.

 Idaho Code § 72–332 governs ISIF liability for total and permanent disability benefits. This Court has articulated four elements that must be satisfied in order to apportion liability to the ISIF: 1) a pre-existing physical impairment, 2) the impairment must have been manifest, 3) the impairment must have constituted a subjective hindrance to obtaining employment, 4) the impairment must combine with the industrial injury to render the claimant totally and permanently disabled. *Dumaw v. J.L. Norton Logging*, 118 Idaho 150, 154, 795 P.2d 312, 316 (1990).

The Industrial Commission found some evidence of pre-existing degenerative disc disease, cervical problems, and/or emotional problems. However, the Commission determined that Toelcke's pre-existing conditions were asymptomatic at the time of the industrial accident. The Commission concluded that

> Claimant's family physician, Dr. Smith, testified that her prior back problems were always minimal, resolved rapidly, and he had no reason to suspect that she suffered from degenerative disc disease or arthritis of the lumbar spine prior to January 1991. Further, Exhibit A would indicate that in the latter part of September 1982 any restrictions placed on Claimant's abilities had been removed. Lastly, until she reviewed Exhibit A, Claimant stated she had no difficulty performing her job duties and always received good performance evaluations.

> The Referee concludes that Claimant has failed to sustain her burden of proving that any portion of her total and permanent disability is due to a pre-existing physical condition which was exacerbated by, contributed to, or combined with the injuries of January 9, 1991.

 Toelcke did not submit any medical evidence regarding her medical condition prior to the industrial accident. She argues that medical testimony is unnecessary under *Archer v. Bonners Ferry Datsun*, 117 Idaho 166, 786 P.2d 557 (1990). Toelcke relies solely upon Exhibit A, which she introduced during the hearing. Exhibit A purports to show that she frequently visited the doctor for a variety of problems prior to the industrial accident. However, Exhibit A was not admitted as medical evidence. It was admitted solely for the purpose of reflecting

Toelcke's recollection of physical problems she had from the time she began employment until her termination. Toelcke argues that because of her prior medical history, as reflected in Exhibit A, she suffered a loss of potential earning capacity because employers may have been reluctant to hire her. Toelcke appears to be arguing that the Commission should have found a pre-existing physical impairment triggering ISIF liability in this case even if her back injuries were asymptomatic because an employer who was given her medical records might have reservations about hiring her. She has not cited any authority, however, stating that the mere existence of medical records showing frequent visits to a doctor by itself constitutes a physical impairment.

Toelcke also relies upon the following statements from *Royce v. Southwest Pipe of Idaho*, 103 Idaho 290, 294, 647 P.2d 746, 750 (1982):

> Therefore, we hold that a preexisting physical impairment within the meaning of I.C. § 72–332(2) is any condition which reasonably could constitute a hindrance or obstacle to employment or reemployment when all known facts are or could reasonably be disclosed to the employer.... Actual hindrance to one's attempts at obtaining employment is not required.

Any direct reliance upon *Royce* is misplaced. *Royce* was decided under the objective test articulated in *Gugelman v. Pressure Treated Timber Co.*, 102 Idaho 356, 630 P.2d 148 (1981), and *Curtis v. Shoshone County Sheriff's Office*, 102 Idaho 300, 629 P.2d 696 (1981). This objective test was rejected by the legislature when it amended § 72–332. 1981 Idaho Sess. Laws, ch. 261, § 2 pp. 552, 554; *Archer v. Bonners Ferry Datsun, supra.* Section 72–332 now states:

> (2) "Permanent physical impairment" is as defined in section 72–422, Idaho Code, provided, however, as used in this section such impairment must be a permanent condition, whether congenital or due to injury or disease, of such seriousness as to constitute a hindrance or obstacle to obtaining employment or to obtaining re-employment if the claimant should become employed. *This shall be interpreted sub-*

*jectively as to the particular employee involved, however, the mere fact that a claimant is employed at the time of the subsequent injury shall not create a presumption that the pre-existing permanent physical impairment was not of such seriousness as to constitute such hindrance or obstacle to obtaining employment.*

I.C. § 72–332(2) (emphasis added). *Royce* was listed in *Archer* as an example of a case applying the now deprecated objective test.

The test for whether an impairment constituted a hindrance to employment is "whether or not the pre-existing condition constituted a hindrance or obstacle to employment for the particular claimant." *Archer*, 117 Idaho at 172, 786 P.2d at 563. In *Archer*, this Court explained the test as follows:

> Under this test, evidence of the claimant's attitude toward the pre-existing condition, the claimant's medical condition before and after the injury or disease for which compensation is sought, nonmedical factors concerning the claimant, as well as expert opinions and other evidence concerning the effect of the pre-existing condition on the claimant's employability will all be admissible. No longer will the result turn merely on the claimant's attitude toward the condition and expert opinion concerning whether a reasonable employer would consider the claimant's condition to make it more likely that any subsequent injury would make the claimant totally and permanently disabled. The result now will be determined by the Commission's weighing of the evidence presented on the question of whether or not the pre-existing condition constituted a hindrance or obstacle to employment for the particular claimant.

*Archer*, at 172, 786 P.2d at 563. Toelcke has not made any persuasive arguments why, under this test, the Commission was required as a matter of law to accept her unsupported exhibit as conclusive evidence that she suffered a pre-existing physical impairment and that the impairment was a subjective hindrance or obstacle to employment. Nor has she shown that the Commission's findings of fact are not supported by substantial competent evidence.

## CONCLUSION

The decision of the Industrial Commission denying ISIF liability is affirmed. Costs are allowed to the respondent, ISIF. No attorney fees are awarded on appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.