844 P.2d 1345

**Lloyd TAGG, Claimant–Respondent,**

v.

**STATE of Idaho, INDUSTRIAL
SPECIAL INDEMNITY FUND,
Surety, Defendant–Appellant.**

No. 19284.

Supreme Court of Idaho,
Coeur d'Alene, October 1992 Term.

Jan. 11, 1993.

Sims, Liesche, Newell, Kelso, Wallace & Wallace, Coeur d'Alene, for defendant-appellant. Starr Kelso argued.

Goicoechea Law Offices, Coeur d'Alene, for claimant-respondent. James F. Combo argued.

TROUT, Justice.

This is an appeal from a decision of the Industrial Commission which held that a claimant who entered a lump sum settlement agreement with his employer/surety

was not barred from later seeking benefits from the Industrial Special Indemnity Fund. We affirm the decision of the Industrial Commission.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Claimant-respondent Lloyd Tagg (Tagg) was injured on the job in December of 1985. He timely filed a claim for worker's compensation benefits against his employer with the Industrial Commission (Commission). On July 15, 1987, Tagg, his employer, and his employer's surety entered into a Stipulation and Agreement of Lump Sum Discharge which purported to settle finally and completely all claims resulting from the alleged accident. Appellant Industrial Special Indemnity Fund (ISIF) was not mentioned in the claim, nor was it mentioned in the settlement agreement. The Commission approved the settlement agreement and dismissed the claim with prejudice.

In January of 1990, Tagg filed an application for a hearing in the original case, seeking total permanent disability benefits in part from ISIF. He later amended the claim requesting the Commission set aside the settlement agreement based on fraud in the procurement. For reasons which are not clear from the record, Tagg later stipulated to the dismissal of his fraud claim but proceeded in his action against ISIF.

The claim against ISIF was heard on November 14, 1990. The Commission found: (1) an industrial accident occurred on December 7, 1985, and Tagg was injured as a result; (2) Tagg had a pre-existing physical impairment; and (3) Tagg is totally and permanently disabled as a result of the December 7, 1985 industrial accident and his pre-existing physical impairment.

The Commission rejected ISIF's argument that the claim against ISIF is precluded by the settlement agreement between Tagg and his employer/surety and the subsequent dismissal with prejudice. The Commission ordered ISIF to compensate Tagg for the portion of his total permanent disability attributable to the pre-existing physical impairment. ISIF appeals from this order.

## II.

## THE CLAIM AGAINST ISIF FOR BENEFITS ATTRIBUTABLE TO THE PRE-EXISTING PHYSICAL IMPAIRMENT IS NOT PRECLUDED BY THE SETTLEMENT AGREEMENT BETWEEN TAGG AND HIS EMPLOYER/SURETY

ISIF contends it can claim as a defense the fact that Tagg entered into a lump sum settlement agreement with his employer/surety after which the Commission dismissed Tagg's claim against his employer with prejudice. ISIF further contends that Tagg cannot proceed against ISIF because he did not reopen his case against his employer as provided in I.C. § 72–719. We disagree and hold the Commission properly ruled that Tagg's claim against ISIF was not precluded by the settlement agreement with his employer/surety nor was the claim precluded by the fact that Tagg did not reopen his case against his employer.

The impetus for Tagg's claim against ISIF is I.C. § 72–332 which provides, in part, as follows:

**72–332. Payment for second injuries from industrial special indemnity account.**—(1) If an employee who has a permanent physical impairment from any cause or origin, incurs a subsequent disability by an injury or occupational disease arising out of and in the course of his employment, and by reason of the combined effects of both the pre-existing impairment and the subsequent injury or occupational disease or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury or occupational disease, including scheduled and unscheduled permanent disabilities, and *the injured employee shall be compen-*

*sated for the remainder of his income benefits out of the industrial special indemnity account.*

(Emphasis added.)

█ A disabled claimant is entitled to look to ISIF for income benefits attributable to a permanent pre-existing impairment. I.C. § 72–332; *see Horton v. Garrett Freightlines, Inc.*, 115 Idaho 912, 772 P.2d 119 (1989). ISIF was created to encourage employers to hire handicapped persons " 'with the obligation only to pay compensation for an industrial injury to the handicapped person such amount as the employer would have had to pay an employee who had not been handicapped with [ISIF] assuming responsibility for the balance of the total permanent disability.' *Royce v. Southwest Pipe of Idaho*, 103 Idaho 290, 294, 647 P.2d 746, 750 (1982)." *Horton v. Garrett Freightlines, Inc.*, 115 Idaho at 916–17, 772 P.2d at 123–24, citing *Mapusaga v. Red Lion Riverside Inn*, 113 Idaho 842, 847, 748 P.2d 1372, 1377 (1987).

In the case before us, ISIF does not challenge the Commission's finding that Tagg had a pre-existing physical impairment, the finding that this impairment combined with the December 7, 1985 industrial accident to cause Tagg's total and permanent disability, nor the apportionment of Tagg's disability attributable to his pre-existing permanent physical impairment. Instead, ISIF argues it is entitled to the benefit of Tagg's settlement with his employer.

Of significance is our decision in *Sines v. Appel*, 103 Idaho 9, 644 P.2d 331 (1982). In *Sines*, a claimant sought modification of an award of the Industrial Commission which arose out of a compensation agreement between the claimant and the claimant's employer's surety. In the claimant's application for a hearing and for modification of the award, the claimant, for the first time, joined ISIF asserting total permanent disability caused by the claimant's pre-existing disease, multiple sclerosis, and a subsequent industrial accident. ISIF defended, arguing the claim was precluded by the prior compensation agreement between the claimant and the employer/surety. We specifically rejected this argument holding:

[T]he claimant and the employer's surety entered into a compensation agreement which was approved by the Industrial Commission. At that time, I.S.I.F. was not a party to the agreement. The record discloses that at the time the agreement was entered into, the Commission had before it the fact that in the opinions of the claimant's attending physician and one neurosurgeon that the claimant was totally disabled, yet the Commission on the basis of the agreement approved the award of 17½ of the whole man, with no consideration given as to whether or not I.S.I.F. should be made a party. Under this state of facts, only the employee and the employer and his surety could rely upon the finality of that award under I.C. § 72–711 and 72–718. Res judicata is applicable only to the parties to that proceeding and their privies. Thus, the I.S.I.F. cannot claim that approval of the compensation agreement foreclosed proceedings against it.

103 Idaho at 12, 644 P.2d at 334 (citations omitted).

In *Anderson v. Potlatch Forests, Inc.*, 77 Idaho 263, 291 P.2d 859 (1955), a claimant, who had previously lost the use of his left hand, sustained an industrial accident to his right hand which rendered him totally and permanently disabled. A claim for worker's compensation benefits was filed with the Industrial Accident Board, the predecessor to the Industrial Commission. The claimant subsequently entered into a compensation agreement with his employer and its surety. This agreement was submitted to the Industrial Accident Board and approved. Approximately three years later, the claimant brought an action against ISIF for additional compensation benefits. This Court reversed the order of the Industrial Accident Board denying claimant compensation benefits for his permanent disability and remanded the case back to the Board for a determination of benefits attributable to ISIF. 77 Idaho at 270, 291 P.2d at 863.

Just as in *Sines* and *Anderson,* the claimant in the present case, Tagg, had a pre-existing impairment and following an industrial accident, entered into a settlement agreement with his employer/surety which was approved by the Commission. This settlement agreement made no mention of ISIF and the liability of ISIF was not adjudicated as contemplated by I.C. § 72–718. We have held that I.C. § 72–718 is a departure from "pure res judicata" and operates to make Industrial Commission decisions final and conclusive *only* as to matters *actually considered and adjudicated* by the Commission. *Woodvine v. Triangle Dairy, Inc.,* 106 Idaho 716, 721, 682 P.2d 1263, 1268 (1984). We can find no compelling reason to depart from the foregoing line of authority and, therefore, refuse to hold that the agreement between Tagg and his employer/surety somehow acts to preclude a subsequent, and previously unadjudicated, claim against ISIF for compensation attributable to a pre-existing impairment.

■ ISIF also places great significance upon the Commission's dismissal with prejudice of the Tagg claim and the following language from *Waltman v. Associated Food Stores, Inc.,* 109 Idaho 273, 707 P.2d 384 (1985):

> [W]here an injured claimant in the first instance fails to meet the time requirements of I.C. § 72–701, and his claims against the employer-surety are barred, then the ISIF seemingly obtains the benefit of that preclusion. However, that is not the case before us.

109 Idaho at 275, 707 P.2d at 386 (footnote omitted). ISIF asserts that the above language from *Waltman* supports its contention that it may assert any defense available to Tagg's employer/surety.

We first note that the Commission's dismissal of Tagg's claim applied only to his employer and its surety and does not relate to ISIF. We find unavailing ISIF's reference to *Waltman* in support of its claim preclusion argument. *Waltman* concerned the applicability of the statute of limitations to ISIF. After concluding the claimant had complied with the time limitation

set forth in I.C. § 72–706, the Court, in dicta, commented on the applicability of the notice requirement contained in I.C. § 72–701 to ISIF. We do not read *Waltman* as supporting ISIF's contention that it may assert any defense available to a claimant's employer and its surety nor do we so hold in the present case. *Waltman* merely indicated that unless a valid claim is timely brought against the employer, no claim will thereafter lie against ISIF.

■ Equally unavailing is ISIF's contention that Tagg may not bring any action against it because he failed to reopen his case against his employer pursuant to I.C. § 72–719. Idaho Code § 72–719 concerns the limited authority of the Commission to reopen a "final and conclusive" award. *See Fowler v. City of Rexburg,* 116 Idaho 1, 773 P.2d 269 (1989). In the case before us, the Commission approved a "final and conclusive" award only with respect to Tagg's employer and its surety and not ISIF. A claimant need not have a current open case against the claimant's employer in order to proceed against ISIF so long as there was an initial valid claim against the claimant's employer.

### III.

### CONCLUSION

The decision of the Industrial Commission is affirmed.

Pursuant to the stipulation of the parties, each side to bear its own costs.

BISTLINE, JOHNSON and McDEVITT, JJ., and REINHARDT, District Judge Pro Tem., concur.