875 P.2d 927

**Christine BURTON, Claimant–Appellant,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Respondent.**

No. 20669

Supreme Court of Idaho,
Pocatello, May 1994 Term.

June 6, 1994.

Goicoechea Law Offices, Chtd., Lewiston, for appellant. James C. Arnold argued.

Quane, Smith, Howard & Hull, Coeur D'Alene, for respondent. Carol B. Groover argued.

JOHNSON, Justice.

This is a workers' compensation case. The sole issue presented concerns the interpretation of rule XII(A) (the rule) of the Industrial Commission's judicial rules of practice and procedure (the judicial rules). We conclude that the rule does not permit the Commission to dismiss an application for hearing with prejudice where the claimant has moved for dismissal without prejudice.

I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Christine Burton filed an application (the application) with the Commission for a hearing to determine whether she was totally and permanently disabled and, if so, whether the Industrial Special Indemnity Fund (ISIF) was liable for a portion of her disability. In the application, Burton did not make any claim for workers' compensation benefits from her employer.

After Burton filed a request for calendaring, a referee designated by the Commission scheduled a hearing. Three days before the scheduled hearing, Burton moved to vacate the hearing and to dismiss the application without prejudice, stating that her evidence was not sufficient to meet her burdens of proof against ISIF. ISIF responded, contending that the hearing should proceed as scheduled or that the Commission should dismiss the application with prejudice. The referee vacated the hearing, leaving for the Commission to decide whether to dismiss the application with or without prejudice.

The Commission dismissed the application with prejudice, stating that ISIF was entitled to have Burton's claim, which had been pending for one and one-half years, determined with finality. This dismissal occurred approximately four years after the date of Burton's injury for which she sought workers' compensation benefits from ISIF. The Commission also rejected Burton's request to withdraw her motion and to have the hearing rescheduled.

Burton appealed.

## II.

### THE COMMISSION DID NOT HAVE THE AUTHORITY UNDER THE RULE TO DISMISS THE APPLICATION WITH PREJUDICE.

Burton asserts that the Commission did not have the authority to dismiss the application with prejudice, when she sought a dismissal without prejudice. We agree.

I.C. § 72–508 grants the Commission authority to "promulgate and adopt reasonable rules and regulations involving judicial matters," and also provides: "Rules and regulations as promulgated and adopted, if not inconsistent with law, shall be binding in the administration of this law."

The preamble to the judicial rules states that the Commission adopted the rules pursuant to I.C. § 72–508 to govern "judicial matters under its jurisdiction." The first rule provides that "the Commission will construe these rules liberally to secure the just, speedy and economical determination of all issues." The rule at issue in this case states:

### DISMISSALS

(A) Dismissal Upon Motion of Party Filing Complaint—Unless good cause to the contrary appears, the Commission shall grant a Motion for Dismissal when made by the party filing the Complaint.

Our reading of the rule convinces us that it permits the Commission, when faced with a motion to dismiss, either to dismiss on the terms sought by the claimant, or, for good cause, to deny the motion to dismiss. We reject ISIF's contention that the rule permits the Commission to dismiss an application for hearing with prejudice, when the motion was made to dismiss without prejudice.

The Commission's interpretation of the rule would nullify the obvious purpose of the rule, which is to promote voluntary dismissals by claimants. A claimant would not be likely to risk dismissal with prejudice in order to seek a dismissal without prejudice.

In addition, the negative implications arising from I.C. § 72–706(2) dictate the interpretation we have given to the rule. I.C. § 72–706(2) provides:

Limitation on time on application for hearing.

....

(2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the commission an application requesting a hearing for further compensation and award.

During oral argument, both parties took the position that I.C. § 72–706(2) does not apply to claims against ISIF. *See Tagg v. State, Indus. Sp. Indem. Fund,* 123 Idaho 95, 844 P.2d 1345 (1993); *Waltman v. Assoc. Food Stores,* 109 Idaho 273, 707 P.2d 384 (1985); and *Anderson v. Potlatch Forests,* 77 Idaho 263, 291 P.2d 859 (1955). It is not necessary for us to decide whether this position is correct. It would not make sense to interpret the rule differently depending upon whether the claimant sought compensation against an employer or ISIF. The statute allows a claimant to apply for a hearing against an employer within five years from the date of the accident causing the injury or the date of first manifestation of an occupational disease. A dismissal with prejudice prior to the expiration of the five-year period when a claimant sought a dismissal without prejudice would be inconsistent with the claimant's right to apply for a hearing within five years pursuant to I.C. § 72–706(2). This would violate the authority given to the Commission in I.C. § 72–508 to adopt judicial rules "not inconsistent with law."

## III.

### CONCLUSION.

We reverse the Commission's dismissal with prejudice of Burton's application for hearing and remand for proceedings consistent with this opinion.

We award costs on appeal to Burton.

McDEVITT, C.J., TROUT and SILAK, JJ., and REINHARDT, J., Pro Tem., concur.