IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 47924

| | | |
|---|---|---|
| CURTIS STANLEY, | ) | |
| | ) | **Boise, January 2021 Term** |
| Claimant-Appellant, | ) | |
| | ) | **Filed: February 17, 2021** |
| v. | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| STATE OF IDAHO INDUSTRIAL | ) | |
| SPECIAL INDEMNITY FUND, Surety, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The ruling of the Commission is <u>reversed</u>.

Curtis, Porter & Adams, PLLC, Idaho Falls, attorneys for appellant. Andrew Adams argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent. Paul J. Augustine argued.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

BEVAN, Chief Justice

This is a worker's compensation case. The dispute is whether Curtis Stanley filed a timely complaint against the Industrial Special Indemnity Fund ("ISIF") when Stanley filed the complaint more than five years after his industrial accident and more than one year after receiving his last payment of income benefits. The Idaho Industrial Commission ("Commission") held it did not have continuing jurisdiction to entertain Stanley's complaint against ISIF for non-medical benefits. The Commission found Idaho Code section 72-706 barred Stanley's complaint and dismissed it. Stanley appeals, arguing continuing jurisdiction over medical benefits alone is sufficient to confer jurisdiction over complaints against ISIF and that the Commission erred in determining section 72-706 barred his complaint. We reverse the Commission's decision.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are undisputed and were stipulated to by the parties below. On June 24, 2013, Stanley suffered an injury to his left shoulder and lower back at work. Stanley filed a timely workers' compensation claim against his employer, Valley Wide Cooperative, Incorporated ("Valley Wide"), and Valley Wide's surety, the Idaho State Insurance Fund ("SIF"). SIF paid Stanley $52,663.54 in temporary total disability and temporary partial disability benefits from July 20, 2013, to September 23, 2015. In May 2017, Stanley entered into a Modified Lump Sum Agreement ("Agreement") with Valley Wide and SIF in which SIF agreed to pay Stanley an additional $40,000.00 for disputed past medical and disability benefits. The parties agreed to keep medical benefits open, but disputed.

The Commission approved the Agreement on June 20, 2017. That same day, the Commission ordered the case be "dismissed with prejudice" and released Valley Wide and SIF "from any and all liability on account of [Stanley's] injuries, with the exception of reasonable future medical benefits as defined in [the] Agreement." On June 21, 2017, SIF issued a check for indemnity benefits to Stanley, as required by the Agreement. Stanley cashed the check on June 28, 2017.

After the settlement, Stanley underwent shoulder surgery and alleged the culmination of his prior injuries and the surgery rendered him totally and permanently disabled. As such, on June 11, 2018, Stanley notified ISIF of his intent to file a workers' compensation claim against it. ISIF received the notice on June 14, 2018. ISIF reviewed the notice and denied Stanley's claim for lifetime benefits after finding "the absence of additional P[ermanent] P[artial] I[mpairment] leads to the conclusion that disability from the low back cannot legally combine with any pre-existing condition to warrant liability against ISIF. Neither does the minimal PPI for the rotator cuff add support for the claim of total disability benefits." The denial letter also noted that the "claim has serious issues with the statute of limitations." Stanley filed a formal complaint against ISIF on June 29, 2018, which ISIF received on July 2, 2018.

ISIF filed a motion before the Commission to dismiss Stanley's complaint or, in the alternative, to bifurcate the statute of limitations issue from the issue of liability. As to the statute of limitations issue, ISIF argued the Agreement deprived the Commission of jurisdiction and Stanley failed to timely file his complaint against ISIF in accordance with Idaho Code sections 72-706(2) and (3). In response, Stanley argued the Commission retained jurisdiction because the Agreement left future medical benefits open.

2

The Commission bifurcated the issues and subsequently entered its findings on the statute of limitations issue. The Commission first held section 72-706 applies to claims against ISIF. The Commission further held Stanley's complaint against ISIF did not comply with the requirements of section 72-706(2) or (3) and that the Commission did not retain jurisdiction over non-medical benefits. As such, the Commission dismissed Stanley's complaint. Stanley timely appealed the Commission's decision.

### III. ISSUE ON APPEAL

1. Did the Commission err in determining Idaho Code section 72-706 barred Stanley's complaint against ISIF?

### IV. STANDARD OF REVIEW

"When reviewing a decision of the Industrial Commission, this Court exercises free review over questions of law." *Austin v. Bio Tech Nutrients*, 165 Idaho 248, 250, 443 P.3d 262, 264 (2019) (quoting *Atkinson v. 2M Co., Inc.*, 164 Idaho 577, 580, 434 P.3d 181, 184 (2019)). "[C]onstruction of a legislative act, such as the workers' compensation statutes, presents a pure question of law for free review by the Court." *Daleiden v. Jefferson Cnty. Joint Sch. Dist. No. 251*, 139 Idaho 466, 468, 80 P.3d 1067, 1069 (2003) (quoting *Crawford v. Dep't of Corr.*, 133 Idaho 633, 635, 991 P.2d 358, 360 (1999)).

### V. ANALYSIS

The parties offer competing theories on appeal. Stanley proposes the Commission erred in dismissing his claim under Idaho Code section 72-706 when the Commission retained jurisdiction over costs associated with the additional medical care of his underlying claim. Conversely, ISIF argues that Stanley's claims are barred because he failed to comply with the statute of limitations in section 72-706 and the Commission's retention of jurisdiction over medical benefits does not extend the time limitation for a claimant to seek income benefits. Ultimately, this case presents an issue of first impression for this Court: whether the statute of limitations in Idaho Code section 72-706 applies to claims against ISIF. We find that it does not.

**A.** **Idaho Code section 72-706 does not apply to claims against ISIF.**

This case hinges on the interpretation of Idaho Code section 72-706. "The [Idaho Worker's Compensation] Act is designed to provide sure and certain relief for injured workers and their families and dependents." *Wernecke v. St. Maries Joint Sch. Dist. No. 401*, 147 Idaho 277, 282, 207 P.3d 1008, 1013 (2009). "The primary objective of an award of permanent

3

disability benefits is to compensate the claimant for his or her loss of earning capacity." *Id*. "[W]orkers' compensation laws are liberally construed 'in favor of the employee, in order to serve the humane purpose' behind the law." *Hartgrave v. City of Twin Falls*, 163 Idaho 347, 351–52, 413 P.3d 747, 751–52 (2018) (quoting *Hamilton v. Alpha Servs.*, 158 Idaho 683, 688, 351 P.3d 611, 616 (2015)).

"This Court exercises free review over statutory interpretation because it is a question of law." *State v. Lantis*, 165 Idaho 427, 429, 447 P.3d 875, 877 (2019).

> The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

*Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020) (quoting *State v. Dunlap*, 155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013)). "[I]f the statute is ambiguous, this Court must engage in statutory construction to ascertain legislative intent and give effect to that intent." *Id*. (quoting *Saint Alphonsus Reg'l Med. Ctr. v. Gooding Cnty.*, 159 Idaho 84, 87, 356 P.3d 377, 380 (2015)).

"A statute 'is ambiguous where reasonable minds might differ or be uncertain as to its meaning.' " *Lantis*, 165 Idaho at 429, 447 P.3d at 877 (quoting *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018)). Section 72-706, in relevant part, provides:

> (1) When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by *the employer or surety*, shall have one (1) year from the date of making claim within which to make and file with the *[C]ommission* an application requesting a hearing and an award under such claim.
>
> (2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the *[C]ommission* an application requesting a hearing for further compensation and award.
>
> (3) When income benefits discontinued. If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the

injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the *[C]ommission* an application requesting a hearing for additional income benefits.

I.C. §§ 72-706(1)–(3) (emphasis added). If the application for a hearing is not complied with as prescribed, "relief on any such claim shall be forever barred." I.C. § 72-706(6). Neither Stanley nor ISIF argues that section 72-706 is ambiguous. We agree. Thus, this Court need not engage in statutory construction but must give effect to the clearly expressed intent of the Legislature. *Nelson*, 166 Idaho at 820, 464 P.3d at 306.

Here, section 72-706 explicitly names "the employer or surety" and "the [C]omission." Yet, section 72-706 contains no reference to ISIF. Considering an injured employee is entitled to seek compensation from either his employer or ISIF, and the purpose of preventing stale and fraudulent claims applies equally to employers and ISIF, *see* I.C. §§ 72-701, 72-334, it is difficult to reconcile why ISIF is omitted from section 72-706. "However, this Court has been reluctant to second-guess the wisdom of a statute and has been unwilling to insert words into a statute that the Court believes the [L]egislature left out, be it intentionally or inadvertently." *Saint Alphonsus Reg'l Med. Ctr.*, 159 Idaho at 89, 356 P.3d at 382. As such, we hold section 72-706 does not apply to claims against ISIF.

ISIF argues a finding that section 72-706 does not apply to claims against it would be against public policy. In support, ISIF relies on the dissent from *Waltman v. Associated Food Stores, Incorporated*, 109 Idaho 273, 707 P.2d 384 (1985). There, the dissent explained:

We should not avoid the ultimate issue in the case of whether the time limits contained in [section 72-706] are applicable to claims against [ISIF]. If not applicable, there would be no time limit barring claims against [ISIF], a result I find not reasonably intended by the [L]egislature. Many industrial accident victims could have pre-existing impairments which, with enough time and age, could degenerate to alleged total permanent disability. Unless there are some time limits, former claimants could file new claims against [ISIF] twenty or thirty years after an industrial accident. Workmen's compensation benefits are not intended as old-age health or retirement benefits, or to protect against the natural degeneration of the human body. These stale claims would raise impossible evidentiary questions, and the potential for fraudulent claims would be enormous. Therefore, there must be a statute of limitations on claims against [ISIF]. It is only reasonable that the general statute of limitations contained in [section 72-706] also apply to claims against [ISIF]. . . . The statute [is] applicable to "any such claim [for compensation," . . . which clearly must include those involving the [ISIF].

*Id.* at 276–77, 707 P.2d at 387–88 (Bakes, J., dissenting) (internal footnote and citations omitted). While Justice Bakes' dissent lists the obvious issues arising from there being no statute of limitation on claims against ISIF, it is not within our authority to rewrite a statute, even if public policy supports the same. *See Verska v. Saint Alphonsus Reg'l Med. Ctr*., 151 Idaho 889, 896, 265 P.3d 502, 509 (2011) ("The public policy of legislative enactments cannot be questioned by the courts and avoided simply because the courts might not agree with the public policy so announced."). "The legislative power is vested in the senate and house of representatives, Idaho Const. art. III, § 1, not in this Court. As we [have previously] said . . . [t]he wisdom, justice, policy, or expediency of a statute are questions for the [L]egislature alone." *Id.* at 895, 265 P.3d at 508 (internal citation and quotations omitted).

ISIF was created to encourage employers to hire persons with pre-existing conditions by ensuring the employer would only "pay compensation for an industrial injury to the handicapped person such amount as the employer would have had to pay an employee who had not been handicapped with [ISIF] assuming responsibility for the balance of the total permanent disability." *Tagg v. State, Indus. Special Indem. Fund*, 123 Idaho 95, 97, 844 P.2d 1345, 1347 (1992) (internal quotations omitted). In 1971, Idaho's workers' compensation laws underwent a comprehensive revision that expanded ISIF's liability by enacting section 72-332. *Horton v. Garrett Freightlines, Inc.,* 115 Idaho 912, 916–17, 772 P.2d 119, 123–24 (1989). Under section 72-332, "[a] disabled claimant is entitled to look to ISIF for income benefits attributable to a permanent pre-existing impairment." *Tagg*, 123 Idaho at 97, 844 P.2d at 1347 (citing I.C. § 72-332). Section 72-332 provides:

> If an employee who has a permanent physical impairment from any cause or origin, incurs a subsequent disability by an injury . . . arising out of and in the course of his employment, and by reason of the combined effects of both the pre-existing impairment and the subsequent injury . . . or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury . . . and the injured employee shall be compensated for the remainder of his income benefits out of [ISIF].

I.C. § 72-332(1). Section 72-332 does not supply an independent claim for compensation against ISIF; rather, section 72-332 apportions costs between an employer who hires an employee with a preexisting condition and ISIF when that employee suffers an injury at work causing him to become totally and permanently disabled. *See Toelcke v. State, Indus. Special Indemn. Fund*, 134

Idaho 491, 493, 5 P.3d 471, 473 (2000) (explaining the elements required in order to apportion liability to ISIF under section 72-332); *see also Dohl v. PSF Indus., Inc.*, 127 Idaho 232, 236, 899 P.2d 445, 449 (1995) ("This Court has interpreted [ISIF] statutes as intending to make employers liable only for the portion of the employee's disability caused by the industrial injury, and any additional injury that was due to a pre-existing condition of the employee would be covered by the [ISIF].").

Even so, in 1997, the Legislature enacted section 72-334. Section 72-334 provides "[a]ny claimant . . . making a claim for benefits with [ISIF must] file a notice of claim with the manager not less than sixty (60) days prior to the date of filing of a complaint against [ISIF] with the industrial commission seeking benefits from [ISIF]." More, "[t]he manager shall evaluate the notice of claim and shall approve or deny the claim or make an offer of settlement within the sixty (60) day period." I.C. § 72-334. Section 72-334 was enacted to "prohibit the filing of a complaint with the Industrial Commission seeking to join the [ISIF] until a point in time . . . subsequent to the filing of the notice of the claim with the manager of the [ISIF]." S.B. 1040, 1997 Leg., 54th Sess. (Idaho 1997). This "allow[s ISIF] to review the claimant's medical records and other relevant records and to properly evaluate the claim." *Id*. According to the Legislature, section 72-334 "allow[s ISIF] to informally resolve claims without recourse to hiring legal counsel and formal litigation proceedings before the Industrial Commission." *Id*.

The facts of this case, and the history of sections 72-332 and 72-334, illustrate how ISIF has evolved from an entity created to offset the costs of employers into an entity that injured employees potentially have an independent claim against. Here, Stanley settled his underlying workers' compensation claim against Valley Wide and SIF through a lump sum settlement agreement and the Commission dismissed the claim, with prejudice. After the settlement, Stanley alleged the combined effects of a subsequent shoulder surgery combined with his underlying injury and independently sought compensation from ISIF under section 72-332. Stanley notified ISIF of his intent to file a claim against it, as required by section 72-334. ISIF denied his claim. The denial letter came after the limitation period set by section 72-706 had lapsed.

We hold section 72-706 does not apply to claims against ISIF. If section 72-706 applied to such claims, Stanley would be barred from pursuing his claim even though he adhered to the requirements of section 72-334. Conversely, as we hold that section 72-706 does not apply to claims against ISIF, ISIF is exposed to the concerns expressed by Justice Bakes' dissent in

7

*Waltman* as set forth above. *See* 109 Idaho at 277, 707 P.2d at 388 (Bakes, J., dissenting). Both outcomes have harsh results on either the injured employee, which workers' compensation laws are meant to protect, or ISIF, which, as a matter of public policy, should not be required to incur substantial costs in litigating stale claims that might arise many years after evidence of an injury or preexisting condition has been lost. Even so, section 72-706 is plain on its face and we therefore hold the Commission erred in finding Stanley's claim against ISIF was barred by section 72-706.

## VI. CONCLUSION

For these reasons, the Commission's decision is reversed.

JUSTICES BURDICK, BRODY, STEGNER and MOELLER, CONCUR.